## THE STATE v. JAMES S. ROBINSON.

An attorney-at-law cannot be stricken from the roll on a motion setting forth facts which constitute any of the offences mentioned in article 48, O. & W. Digest, page 42, except upon proof of the conviction of the accused by a court of competent jurisdiction.

The mal-practice, &c., mentioned in article 51, O. & W. Digest, page 43, intends such as does not constitute any of the offences specified in article 48, above referred to.

APPEAL from Grayson. Tried below before the Hon. R. L. Waddill.

This was a motion or information filed under the 1st section of the act of February 11th, 1854, (art. 52, O. & W. Dig., p. 43,) against the appellee, praying that he be stricken from the roll of attorneys.

It was charged in the information that, in consideration of twenty dollars, Robinson, as District Attorney of the 16th Judicial District, dismissed two indictments for misdemeanors, and that, in consideration of ten dollars, he dismissed, also, one indictment for a felony.

Robinson excepted to the motion on various grounds, and the court sustained the exceptions, and overruled the motion.

*Attorney-General* for appellant.—The mode of prosecution under the English law was either upon indictment or presentment by a grand jury; the inquisition of a jury specially returned to inquire of the offence; upon the verdict of a jury in a civil cause; or upon informations, which were of two kinds. 1st. Those which were partly at the suit of the King, and partly for the benefit of the subject. 2d. Those which were only in the name of the crown.

Informations could be filed for misdemeanors only. (1 Chitty Crim. Law, pp. 165, 167.)

The inquiry is, "does the statute of this State adopt a different rule?" in cases such as the one at bar.

It seems to be clear from the terms of the statute that such was

the intention of the legislature. The 5th section of the Act of 1846 provides that "no person *convicted* of *bribery,* perjury, &c., &c., shall be capable of obtaining a license as attorney and counsellor at law; or, if licensed, any court of record in which such person may practice, shall, on proof of a conviction of any crime in this section named, supersede his license, and strike the name of such person from the roll of attorneys." (O. & W. Dig., art. 48.)

The 8th section of the same Act declares that any attorney or counsellor-at-law, who shall be guilty of any fraudulent or dishonorable conduct, or any mal-practice, shall be liable to be suspended or stricken from the roll of attorneys, at the discretion of the court, &c. (O. & W. Dig., art. 51.)

The 1st section of the Act of February, 1854, (O. & W. Dig., art. 52,) provides that any prosecution under the 5th and 8th sections, above referred to, may be instituted by *motion* or *information* of any two or more practising attorneys of any court in which the party prosecuted may practice, &c.

Upon the proper construction, and, it may be, the constitutionality of the last section, depends the correct answer to the inquiry. If the true construction of the language be that when an attorney has been convicted of any of the offences named in article 48, or the 5th section of the Act of 1846, then the *prosecution* referred to in this section may be instituted by *motion* or *information*— the inquiry as to its unconstitutionality is obviated or rendered unnecessary. But is that the correct construction? Is not the "prosecution" here referred to original and independent of the *conviction* contemplated in art. 48, sec. 5 of the Act of 1846 ?

This section of the statute does not prescribe any form of proceeding; nor does it seem to contemplate anything further than the *fact* of *conviction* for some one of the offences enumerated, being brought to the knowledge of the court by proof; upon which the court is required to supersede the license and strike the person from the roll of attorneys. The conviction being had in the same court, at the same term, or otherwise, the judge having personal knowledge of it, or from an inspection of the record, it being brought to his knowledge would be sufficient to authorize and re-

The State v. Robinson.

quire the court to take the action prescribed, and to strike the name of the attorney so convicted from the roll. A prosecution by motion or information of two or more practising attorneys would, in that case, be unnecessary.

Did the legislature, then, by the Act of February, 1854, art. 52, O. & W. Dig., amending the Act of 1846, intend to *limit* the power of the court to take action in the premises, and to make the filing of a motion or information by two or more attorneys necessary before the court could take cognizance and render judgment? I think not. It was certainly intended to enlarge the remedy, and to enable the courts more speedily and summarily to disfranchise one of its officers, whose conduct was calculated to attaint the profession of which he was a member, and to disparage the respect in which the tribunals of justice should be held. Rather may it not be—as is said by Judge Peck, in the case of Smith vs. the State of Tennessee, (1st Yerger R., p. 240,)—"that the legislature knew that the law, administered in the usual form, was tardy; and that any cause short of a speedy administration would lose much of its beneficial effect. The mazy round of special forms of pleading, miscarriages before juries, and the delay incident, would afford a labyrinth in the folds and windings of which the wily could, at least for a time, take shelter, if not finally escape. Therefore, it was not deemed prudent to allow one so charged the right to demand forms of trial calculated to defeat the very purposes of the act, namely, a speedy riddance of an obnoxious member of the bar."

See, also, "Criminal Informations." (1 Chitty Crim. Law, page 842.)

Assuming the intention of the legislature to be to enlarge the remedy, as above insisted, can effect be given to it under the constitution?

"No person shall be holden to answer for any criminal charge, but on indictment or *information*, except in cases," &c. (8 sec., 1 art. Cons.)

The term "information" was inserted, with its common law signification, and it may be correctly said that for crimes as well

24

as misdemeanors, prosecutions may be by "information," under the terms of the constitution.

But the view I have of this character of proceeding, is relieved of all questions as to the constitution. It is not a proceeding instituted for the purpose of inflicting a penalty or bringing an offender to punishment. Punishment of the guilty is not its object. It is the expurgation of an honorable profession of those who have proved themselves unworthy of its association; whose touch would be contamination, and whose intercourse would be disgrace.

If it is to be regarded that one who has assumed the office and responsibilities of an attorney, in the proceeding contemplated by the statute being considered, is required to "answer for a criminal charge" in the sense in which these terms are used in the constitution, it will be seen to establish a peculiar punishment for a particular class of persons; or else the general law in regard to offences and penalties would render this statute altogether nugatory. An attorney having been convicted and punished, as provided for by the Penal Code, could not again be punished as provided by this statute.

Then it follows that an attorney thus prosecuted, on *motion* or *information*, is not being required to answer *for* "any criminal charge," but is being required to answer for the wrong done to the oath which he has taken, the profession of which he is a dishonorable member, and to the court in which he assumes to practice, involved in his crime. (Smith v. The State of Tennessee, 1 Yerger, p. 228, *et seq.;* case of Levi S. Burr, Cir. Co. U. S., Dis. Columbia; 1 Wheeler Crim. Cases, pp. 503, *et seq*, and 337; 3 Id., pp. 6 and 7; see, also, 9 Johns., p. 417.)

In New Jersey it has been decided, however, that the court will not, upon an allegation that an attorney has been guilty of larceny, make a rule upon him to show cause why his name should not be stricken from the roll before he had been indicted and convicted of such offence. (2 Halsted R., 162.)

In Missouri, where the statute provides that an attorney should be stricken from the roll *on conviction*, the majority of the court held that he could not be struck off before conviction. McGerk,

The State v. Robinson.

J., dissented, on the ground that the court had the power independently of the statute. (3 Mis. R., 602.)

The authorities seem to concur in the opinion that for misdemeanors the courts may disfranchise attorneys, before and without conviction on indictment; but there is some conflict as to felonies. It would seem, however, that this power in the courts should be independent, and that it should be regarded as one of the inherent powers, not to be restrained in its exercise by the delays and uncertainties attending and incident to criminal prosecutions. It may be said that to permit the accused to be prejudged in this manner might prejudice his cause, and defeat a fair and impartial trial under indictment. In reply it may be said that the purity of the administration of justice and the protection of the character of an honorable profession from the influence of a moral leper, should not be marred and defeated by the wily arts of the wicked and corrupt in evading punishment for their crimes.

BELL, J. We are of opinion that where the facts set forth in any motion, the object of which is to strike the name of an attorney and counsellor-at-law from the roll, constitute any one of the crimes mentioned in the 5th section of the Act of May 12th, 1846, respecting attorneys and counsellors-at-law, the courts cannot act upon the motion, and supersede the license of the party accused, except upon proof of the conviction of the accused by a court of competent jurisdiction. The 8th section of the Act referred to must be understood to relate to such fraudulent or dishonorable conduct or mal-practice as do not constitute any of the offences named in the 5th section.

The judgment of the court below is affirmed.

Judgment affirmed.